(25 Civ. Proc. R. 383.)

GEORGE v. FITZPATRICK.

(Supreme Court, Special Term, New York County. April, 1896.)

1. SUMMONS—DATE—VARIANCE BETWEEN ORIGINAL AND COPY.
 Service of summons will not be set aside because of a variance between
 the date of the original and the copy served.

2. SAME—ORDER OF PUBLICATION—CORRECTION OF ERROR.
 Error in granting an order of publication can be corrected only on appeal
 where the order was granted on affidavits which satisfied the judge that
 the facts authorized the service.

Motion by defendant to set aside service of summons by publication, and the order directing the same. Denied.

Peck & Field, for plaintiff.
Hedges & Erdman, for defendant.

LAWRENCE, J. This is a motion to set aside a service by publication and the order directing the same. The summons seems to have been dated February 20, 1896, and the publication was commenced February 26, 1896, and the notice published therewith stated that it was published pursuant to an order dated February 11, 1896, which was on a day prior to the date of the summons. I do not regard the date of the summons as so material a part thereof as to require the court to set aside the service of such summons on the ground of the variance between the date of the original and the copy. Welde v. Henderson, 10 Civ. Proc. R. 214; Wallace v. Dimmick, 24 Hun, 635; Sears v. Sears, 9 Civ. Proc. R. 432. See, also, sections 417 and 418 of the Code of Civil Procedure. There is no doubt about the fact that the summons in this case was served pursuant to an order of the court duly made, and in the copy served the defendant was informed of the fact that the complaint upon which it was based was filed in the office of the clerk of the city and county of New York. The defendant, therefore, could not be prejudiced by an erroneous date, because she could have inspected the original summons which was on file for her examination and inspection. Even if material, the variance as to date between the summons filed and the summons published is a matter in regard to which the court can exercise its power of amendment. Code Civ. Proc. §§ 723, 724. As the order of publication was granted by Mr. Justice Beach, on affidavits which satisfied him that the defendant was either out of the state with intent to defraud her creditors, or kept herself concealed with like intent, to avoid the service of the summons, any error which may have been committed in granting that order can only be corrected upon appeal. I think that the court has acquired jurisdiction in this case, and, upon the facts which appear in the affidavits, the defendant certainly does not stand in a position which entitles her to the indulgence or clemency of the court.

The motion will be denied, with costs.